HENRY SIEBOLD et al.

*v.*

ERNEST ZIEBOLDT and ANNA M. ZIEBOLDT.

[Submitted June 17th, 1921. Decided July 27th, 1921.]

1. The gift by an aged and infirm person to one in a position to exercise influence over him is void unless the donor knew the nature of the act, and that it was not made through the influence of the donee, and the burden of proof is on the donee to negative these inferences.

2. An improvident gift made by an aged and infirm person, acting without independent advice, to donees in a position to exercise influence over him, and which failed to contain an agreement reserving the right of support and lodging during the life of the donor, which was a part of the transaction, will not be upheld.

On bill to have it declared that lands standing in the name of defendants are held by them as trustees for complainants, and for a decree that the defendants should convey to the complainants, &c.

*Mr. John J. Fallon,* for the complainants.

*Mr. William B. Stites,* for the defendants.

GRIFFIN, V. C.

On the 20th of May, 1920, Matthias Siebold, since deceased, entered into a contract with Leo R. Warren and wife for the purchase of the premises in question for the sum of $10,000, payment to be made as follows: On the execution of the agreement, $300; on the delivery of the deed, $7,700, and by the assumption of a mortgage of $2,000 then on the property. On July 2d, 1920, Matthias signed a memorandum which was intended to assign the contract to the defendants; and on the same day the deed was delivered by the Warrens directly to the defendants.

At the time of the passing of the title there were two accounts standing in the name of Matthias Siebold and Helena Siebold "as joint tenants, and not as tenants in common, and to the survivor." In one there was a balance of $3,000; in the other, $4,944.62. With the defendant Anna M. Zieboldt Matthias went to the respective banks, drew the $3,000 from one, which closed the account, and $4,700 from the other, which left a balance of $244.62. These moneys so withdrawn, aggregating $7,700, were paid by Matthias to the Warrens, which, together with the $300 theretofore paid by him as a deposit, constituted all the cash which was to be paid under the contract.

At the time of this transaction the defendants were strong and in vigorous health, and were aged thirty-two and thirty-six years respectively. Matthias Siebold and his wife were aged, about seventy-seven years, and were weak and feeble. They had had five children, two of whom died in infancy; the remaining three were married, living in homes apart from their parents. Their relations were friendly. Prior to the making of the deed in question the parents had conveyed their real estate to their children, reserving an income of $80 a month, with rent free for an apartment, charged in the settlement at $15 a month. This sum, in March, 1920, prior to the making of the deed in question, not being considered by Matthias sufficient for the support of himself and his wife, he, with the defendant Anna M. Zieboldt, called on Miss Smyth, a member of the bar of this state, to secure from his children an additional sum of $10 a month.

At the time of the delivery of the deeds by the Warrens to the Zieboldts the only property which Matthias and his wife had, in addition to the monthly income above referred to (and such additional voluntary increase as the children may have made pursuant to the above request, which I need not consider), was $8,244.62, and household furniture of little value. They had no other income, and were possessed of no other property. Thus, when the $8,000 was paid for the purchase of this property, this old gentleman and his wife had, in addition to the monthly income above referred to, the sum of $244.62 in cash.

The defendants for a long time were tenants in a building owned by one of the children of Matthias, and in which Matthias

and his wife both resided; and the relations between Matthias and the defendants were quite friendly, and the defendants appeared to have considerable influence over him. The particular things which the defendant Anna did which required favorable consideration, are that she nursed the old lady and did household chores for her to some extent, but such only as ordinary persons in their walk of life would do under similar circumstances. There is evidence that she was paid for this work, although she denies it. The old folks are now dead and the defendants' testimony, where accepted, should be received with great caution, because it might be given without fear of contradiction.

The defendants were about to be dispossessed from the premises after the intercession of the father, Matthias, had failed to further stay their removal. At this juncture the father made a contract in his own name to purchase the premises in question. The testimony indicates that while the contract is in his name, he was buying for Anna for the purpose of providing her with a home, but took it in his name so that his family might not hear of it and make trouble before it was consummated, and, apparently, to this end the deed was kept off record for about two weeks after delivery. There is nothing in the case to justify the inference that if the deceased was possessed of ordinary mentality he would have made this gift. I will advise a decree for the complainant on the following grounds:

*First.* The deceased being aged and infirm, the gift being voluntary, the persons who were the recipients of the gift being in a position to exercise influence over the deceased, the gift is void, unless the donor knew the nature of the act and that it was not made through the influence of the donee, and the burden of proof is on the defendants to negative these inferences. *Haydock* v. *Haydock, 34 N. J. Eq. 570,* and numerous other cases of like import. Here the defendants have not sustained the burden of proof.

*Second.* The gift was improvident and made without independent advice. *Pearce* v. *Stines, 79 N. J. Eq. 51; Slack* v. *Rees, 66 N. J. Eq. 447; Post* v. *Hagen, 71 N. J. Eq. 234; Hunt* v. *Naylor, 84 N. J. Eq. 646; Fritz* v. *Fritz. 80 N. J Eq. 56;*

*Grimminger* v. *Alderton*, *85 N. J. Eq. 425; affirmed, 86 Idem. 247.*

*Third.* It is plain from the testimony (page 389 *et seq.*) that there was an agreement reserving the right of lodging and support during the life of the deceased which was not incorporated in the deed or any other agreement for his protection. *Collins* v. *Collins, 63 N. J. Eq. 602; White* v. *White, 60 N. J. Eq. 104; Mulock* v. *Mulock, 31 N. J. Eq. 594; Soper* v. *Cisco, 85 N. J. Eq. 165.*