The complainant files his bill of complaint, alleging that he has qualified as executor under the will of Nannie T. Whelen, who died in Atlantic City on October 17th, 1931, which will was duly probated in the surrogate's court of Atlantic county on March 18th, 1932; that the decedent resided at the Flanders Hotel in Atlantic City, New Jersey, and died while still a guest at that hotel; that she had been ill for some months prior to her death; that shortly before her *Page 127 
death she was attended by a trained nurse; that the defendant, Elizabeth C. Smith, was also a guest at the said hotel, became friendly with the decedent, and without compensation, assisted in and about the sick room of the said decedent, and by reason thereof, became familiar with her affairs, wrote letters in her behalf and took into her charge the bank book, check book and other private papers of said Nannie T. Whelen; that on or about September 22d 1931, she caused a will to be drawn, making herself the chief beneficiary of decedent's estate; that she withheld knowledge from relatives of the said decedent of said will and, subsquent to the death of Nannie T. Whelen, offered the will for probate.
A caveat having been filed, a hearing was had on March 9th, 1932, and said document was denied probate; that shortly after his qualification, the executor discovered that a check for $5,000 had been signed by the said decedent to the order of said defendant, and that the same had been cashed and the proceeds thereof paid to the said Elizabeth C. Smith, and the prayer is that the said money should be declared a part of the estate of said Nannie T. Whelen and as such be restored to complainant as executor.
This case is astonishingly similar to Kelly v. Kelly,107 N.J. Eq. 483, except that herein the transfer was made to one not relative but an acquaintance, who, by kindly acts, had ingratiated herself into the confidence of the deceased — one who, by reason of that confidence, had caused to be drawn a will making her the chief beneficiary, and who had, in the preparation of that will, requested that the scrivener antedate the same, which request was refused. There is no testimony why this request was made, but the conclusion is evident that she probably knew that in some jurisdictions, and perhaps in the commonwealth in which she placed the proceeds of the check in question, wills executed within thirty days of death are, in some instances, invalid.
The giving of the $5,000 check so depleted the bank account of the decedent that there remained less than $1,000 for expenses, and after the payment thereof, said account was practically exhausted. That the decedent was aged and *Page 128 
infirm and seriously ill is not disputed. The defendant admitted upon cross-examination that under certain conditions she was to return this $5,000.
I cannot do better than to paraphrase the language of Vice-Chancellor Lewis in Kelly v. Kelly, supra:
"The deeds of gift, made and given under the circumstances and conditions hereinabove stated, contained no provision for the donor's support, nor any power of revocation. Although the law does not prohibit such action on the part of the aged and infirm, it nevertheless circumscribes same with certain safeguards in order to protect the rights and interests of the donor, especially where the relation existing between her and the donee is one of trust and confidence. Before it will sanction or approve of such a gift, that law will demand that it be shown that the donor had the preliminary benefit of competent and independent advice and fully comprehended the legal, as well as the practical, result of her action. It is the settled policy of this state that a court of equity, moved by the apparent improvidence of such a gift, will cast upon the donee the burden of showing that all was fair, open and voluntary, and well understood by the donor, after she had received the benefit of competent and independent advice. Haydock v. Haydock'sExecutors, 33 N.J. Eq. 494; Mott v. Mott, 49 N.J. Eq. 192;Hall v. Otterson, 52 N.J. Eq. 522; Otterson v. Hall, 53 N.J. Eq. 695; Slack v. Rees, 66 N.J. Eq. 447; Post v. Hagan,71 N.J. Eq. 234; Soper v. Cisco, 85 N.J. Eq. 165; Jacobus v.Waits, 86 N.J. Eq. 148; Clark v. Clark, 87 N.J. Eq. 504.
"This rule as laid down by all of the authorities is an inexorable one. Nor does this burden, which the law places upon the donee, shift merely because of the donee's verbal promise to support the donor for life, although it was not proven to my satisfaction that any such promise had been made by the donee in this case. The authorities are in accord, and now well settled, that a transfer which would be deemed improvident, if there were no consideration, is not saved from being so by the existence of a mere verbal promise by the donee to support the donor for life.Mott v. Mott, supra; *Page 129 Walsh v. Harkey (N.J. Ch.), 69 Atl. Rep. 726; Siebold v.Zieboldt, 93 N.J. Eq. 327; affirmed, Ibid. 500.
"The defendant, despite her attempt to do so, has, in my judgment, utterly failed to meet and satisfy the high requirements prescribed by the rule laid down by the authorities, governing gifts or transfers, such as those here involved. As was stated by Chief-Justice Gummere, in Slack v. Rees, supra:
`Its (the rule) purpose is not so much to afford protection to the donor against the consequences of undue influence exercised over her by the donee, as it is to afford her protection against the consequences of voluntary action on her part, induced by the existence of the relationship between them, the effect of which upon her own interests she may only partially understand or appreciate.' * * *
"In my judgment, the case at bar strikingly demonstrates the wisdom of the rule, laid down in Hall v. Otterson, supra, and cases following, that `the burden of proof is thrown upon the person in whom confidence is reposed, and who had acquired an advantage, to show affirmatively not only that no deception was practiced therein, no undue influence used, and that all was fair, open and voluntary, but that it was well understood.' Considering the donor's testimony, in the light of the surrounding circumstances, as well as the other evidence in the case, I am constrained to the conclusion, to say the least, that the transactions in question were not `well understood' by her."
It is apparent that this gift was meant to accomplish the purpose of the will should the same fail of probate, as was the result after the hearing.
"The rule relative to competent and independent advice is that the burden is upon the donee, where such proof is necessary, to show that such advice was actually given to the donor. Pearce
v. Stines, 79 N.J. Eq. 51; Kelso v. Kelso, 96 N.J. Eq. 354;Graziano v. Lanuto, 97 N.J. Eq. 182; Kelly v. Kelly, supra."
There is no testimony nor any apparent attempt to prove that there was any independent advice given in this matter.
I will advise a decree in favor of the complainant. *Page 130